UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEW MEXICO

In re:

Gloria L. Marcott,                                              Case No. 15-13052 ta13

       Debtor.

## MEMORANDUM OPINION

Before the Court is Debtor's request to set aside an order dismissing her Chapter 13 case. The dismissal order was entered pursuant to 11 U.S.C. § 521(i), prompted by Debtor's failure to file a "Chapter 13 Statement of Current Monthly Income" within 45 days of the petition date. The Court concludes that the statement is not required by § 521(a)(1), so failing to provide it did not trigger the "automatically dismissed" directive of § 521(i)(1). Because the case should not have been dismissed, the Court will grant the motion.

                                       I.        FACTS[1]

Debtor filed this case on November 20, 2015. She did not file her bankruptcy schedules, statement of financial affairs, Chapter 13 plan, or other documents by December 4, 2015, as

---

[1] These facts are taken from the case docket, of which the Court took judicial notice. *See St. Louis Baptist Temple, Inc. v. Fed. Deposit Ins. Corp.*, 605 F.2d 1169, 1172 (10th Cir. 1979) (holding that a court may, sua sponte, take judicial notice of its docket); *LeBlanc v. Salem (In re Mailman Steam Carpet Cleaning Corp.)*, 196 F.3d 1, 8 (1st Cir. 1999) ("[t]he bankruptcy court appropriately took judicial notice of its own docket").

required by Bankruptcy Rule 1007(c).[2] Instead, Debtor asked for and obtained an extension until December 18, 2015. She filed most of the required documents by the extended deadline.

After December 18, 2015, only one document was missing—Official Form 122C-1, the Chapter 13 Statement of Your Current Monthly Income and Calculation of Commitment Period (the "CMI Statement").[3] Debtor did not file a CMI Statement before the 45-day "automatic dismissal" deadline in § 521(i). Because of the failure, on January 12, 2016, the Court entered an order dismissing the case (the "Dismissal Order").[4] The same day, Debtor filed a motion to set aside the Dismissal Order. The Chapter 13 Trustee objected.

On January 13, 2016, Debtor filed her CMI Statement.

The parties agreed that the Court could rule on the motion based on the facts in the case record, without the need for an evidentiary hearing or briefing.

## II.   DISCUSSION

A.   Filing Requirements of § 521(a)(1).[5]

Section 521(a)(1) provides in part:

> (a) The debtor shall--
>     (1) file--
>         (A) a list of creditors; and
>         (B) unless the court orders otherwise--
>             (i) a schedule of assets and liabilities;
>             (ii) a schedule of current income and current expenditures;

---

[2] Here, "Rule" means the Federal Rules of Civil Procedure and "Bankruptcy Rule" means the Federal Rules of Bankruptcy Procedure.
[3] This is what used to be called, and often still is called, the "Form B22."
[4] The Dismissal Order states that it is effective on January 5, 2016, the 46th day after the date of filing of the petition.
[5] Unless noted otherwise, all statutory references are to 11 U.S.C.

-2-

(iii) a statement of the debtor's financial affairs . . . .

(iv) copies of all payment advices or other evidence of payment received within 60 days before the date of the filing of the petition, by the debtor from any employer of the debtor;

(v) a statement of the amount of monthly net income, itemized to show how the amount is calculated; and

(vi) a statement disclosing any reasonably anticipated increase in income or expenditures over the 12-month period following the date of the filing of the petition;

B.  § 521(i)'s "Automatically Dismissed" Directive.

Section 521(i) provides:

(1)  Subject to paragraphs (2) and (4) and notwithstanding section 707(a), if an individual debtor in a voluntary case under chapter 7 or 13 fails to file all of the information required under subsection (a)(1) within 45 days after the date of the filing of the petition, the case shall be automatically dismissed effective on the 46th day after the date of the filing of the petition.

(2)  Subject to paragraph (4) and with respect to a case described in paragraph (1), any party in interest may request the court to enter an order dismissing the case. If requested, the court shall enter an order of dismissal not later than 7 days after such request.

(3)  Subject to paragraph (4) and upon request of the debtor made within 45 days after the date of the filing of the petition described in paragraph (1), the court may allow the debtor an additional period of not to exceed 45 days to file the information required under subsection (a)(1) if the court finds justification for extending the period for the filing.

(4)  Notwithstanding any other provision of this subsection, on the motion of the trustee filed before the expiration of the applicable period of time specified in paragraph (1), (2), or (3), and after notice and a hearing, the court may decline to dismiss the case if the court finds that the debtor attempted in good faith to file all the information required by subsection (a)(1)(B)(iv) and that the best interests of creditors would be served by administration of the case.

Section 521(i) was enacted in 2005 as part of the Bankruptcy Abuse Prevention and Consumer Protection Act ("BAPCPA"). As is too often the case with BAPCPA provisions,

-3-

§ 521(i) is not well drafted. While the general purpose of § 521(i) is clear -- Congress did not want debtors to file bankruptcy and simply "camp out" behind the shelter of the automatic stay -- implementing the subsection has proven difficult.[6] Problems courts have wrestled with include:

    1.    <u>Is a Dismissal Order Required?</u> Does "automatically dismissed" mean that no dismissal order is needed? *Compare In re Fawson,* 338 B.R. 505 (Bankr. D. Utah 2006) (statute does not require court action; the case is dismissed by operation of the statute itself), and *In re Adibi*, 2007 WL 1556838, at *2 (Bankr. S.D. Tex. 2007) (§ 521(i) results in cases being automatically dismissed by statute), with *In re Spencer*, 388 B.R. 418, 422 (Bankr. D.D.C. 2008) (no dismissal until the court enters an order), and *In re Parker*, 351 B.R. 790, 801 (Bankr. N.D. Ga. 2006) (same).[7]

    2.    <u>What if Debtor Arguably Complied with § 521(a)(1)?</u> Can a case be automatically dismissed if the debtor arguably complied with § 521(a)(1)? In some instances, e.g., where no schedules at all have been filed, noncompliance is obvious. In other cases, such as this one perhaps, a debtor's compliance with § 521(a)(1) is debatable. *See, e.g., CFCU Cmty Credit Union v. Swimelar*, 2008 WL 189929, at *4 (N.D.N.Y 2008) (automatic dismissal may not be appropriate before a judicial determination that the debtor has in fact failed to file the required documents); *Miller v. Cameron (In re Miller),* 383 B.R. 767, 772 (10th Cir. BAP 2008) ("Whether year-to-date figures or some 'other evidence of payment' presented by a debtor satisfies the statute [§ 521(a)(1)(B)(iv)] will depend on the particular facts and circumstances of any given case"); *In re Reynolds*, 370 B.R. 393, 397 (Bankr. N.D. Okla. 2007) (to the same effect). It is unfair to dismiss a case without notice or a hearing if there is a genuine dispute whether the debtor complied with her disclosure obligations.

    3.    <u>Harmonizing § 521(i) with the "unless otherwise ordered" language of § 521(a)(1)(B)</u>. Section 521(i) requires automatic dismissal if the information required under § 521(a)(1) is not timely filed, while § 521(a)(1)(B) requires the debtor to file the specified information "unless the court orders otherwise …" Does the Court have the authority to deny a motion to dismiss by using the "unless the court orders otherwise" language to waive, after the 45-day deadline, the filing requirement? Two circuit courts have addressed this issue and answered in the affirmative. *See Wirum v. Warren (In re Warren),* 568 F.3d 1113, 1117-19 (9th Cir. 2009);

---

[6] *See In re Soto*, 491 B.R. 307, 312 (1st Cir. BAP 2013) ("courts 'have struggled to create procedures to implement the novel concept of automatic dismissal,'" (quoting *In re Herrera*, 398 B.R. 490, 492 (Bankr. S.D. Fla. 2008)). *See also CFCU Cmty Credit Union v. Pierce,* 2009 WL 2163107, at *2 (W.D.N.Y. 2009) (§ 521(i) does not provide a procedure for dismissal).

[7] In this jurisdiction, § 521(i) is interpreted to require a Court order to dismiss a case, even one that is subject to "automatic dismissal."

Case 15-13052-t13    Doc 36    Filed 02/19/16    Entered 02/19/16 16:19:31 Page 4 of 11

*Segarra-Miranda v. Acosta-Rivera (In re Acosta-Rivera)*, 557 F.3d 8, 14 (1st Cir. 2009). *See also In re Amir,* 436 B.R. 1, 25 (6th Cir. BAP 2010) (following *Warren* and *Acosta-Rivera*).

      4.    <u>Does the Court Have Discretion Not to Dismiss</u>? If a debtor misses the 45-day deadline, does the bankruptcy court retain any discretion or must it dismiss the case "automatically"? Most courts have held that they lack discretion and must dismiss. *See, e.g., In re Fawson*, 338 B.R. 505, 511 (Bankr. D. Utah 2006) (if debtor misses the 45-day deadline, the case is automatically dismissed and the court lacks discretion to keep the case in bankruptcy); *In re Lovato,* 343 B.R. 268, 270 (Bankr. D.N.M. 2006); *In re Ott,* 343 B.R. 264, 268 (Bankr. D. Colo. 2006). Some courts have held that a modicum of discretion remains, particularly where the debtor seeks to take advantage of the auto-dismissal provisions over the opposition of the case trustee. *See In re Bliek,* 456 B.R. 241, 245 (Bankr. D.S.C. 2011); *In re Thrower*, 2014 WL 1873399, at *4 (W.D.N.C. 2014); *In re Scotto*, 2010 WL 1688743, at *9 (Bankr. E.D.N.Y. 2010).

      5.    <u>Interplay with § 1307(c)(9)</u>. Before BAPCPA, two Bankruptcy Code provisions dealt with a chapter 7 or 13 debtor's failure to file required information. In Chapter 7 cases, § 707(a)(3) provided that the United States trustee could seek dismissal of a case if the debtor did not file the information required by § 521(a)(1).[8] The counterpart in Chapter 13 cases is § 1307(c)(9).[9] BAPCPA added § 521(i)(1), which requires automatic dismissal "notwithstanding section 707(a) …." There is no similar "notwithstanding" language for § 1307(c)(9). Was that omission intentional or another drafting error? *See, e.g.,* Neil Berman, Without Thought or Conscious Intention, 2006 No. 05 Norton Bankr. L. Adviser 3 (pointing out the omission of § 1307(c)(9) and discussing whether it was intentional). Most courts have held that Chapter 13 cases can be "automatically dismissed" under § 521(i) without satisfying the requirements of § 1307(c)(9). *See, e.g., In re Soto*, 491 B.R. at 315 (citing cases); *In re Spencer*, 388 B.R. at 418 (Bankr. D.D.C. 2008); *Carroll v. Kay (In re Carroll)*, 2007 WL 7023832, at *2 (Bankr. S.D. Ga. 2007).

      6.    <u>Construing § 521(i)(2)</u>. If a court has not dismissed a case, would any party have the right at any time to demand dismissal within 7 days, per § 521(i)(2)? What if the demand

---

[8] Section 707(a)(3) allows the court to dismiss a Chapter 7 case after notice and a hearing for cause, including "failure of the debtor in a voluntary case to file, within fifteen days or such additional time as the court may allow after the filing of the petition commencing such case, the information required by paragraph (1) of section 521(a), but only on a motion by the United States trustee."

[9] Section 1307(c)(9) provides in relevant part: "on request of a party in interest or the United States trustee and after notice and a hearing, the court may convert a case under this chapter to a case under chapter 7 of this title, or may dismiss a case under this chapter, … for cause, including-- … (9) only on request of the United States trustee, failure of the debtor to file, within fifteen days, or such additional time as the court may allow, after the filing of the petition commencing such case, the information required by paragraph (1) of section 521(a)."

-5-

were made a year after the petition date? *See, e.g., In re Wilkinson,* 346 B.R. 539, 543 (Bankr. D. Utah 2006) (discussing the "wholesale uncertainty" that would arise if the court had to wait for a party to file for dismissal under § 521(i)(2)); *In re Brickey*, 363 B.R. 59, 66 (Bankr. N.D.N.Y. 2007) (discussing the concern voiced by *Fawson*); *In re Soto*, 491 B.R. 307 (1st Cir. BAP 2013) (§ 521(i)(2) motion was made seven months after the petition date).

       7.    <u>Omission of Reference to Paragraph (3)</u>. Why is § 521(i)(1) "subject to paragraphs (2) and (4) …" but not subject to paragraph (3)? One court reviewed the language and concluded that the omission of paragraph 3 from the "subject to" language was a drafting error. *See In re Spencer*, 388 B.R. at 420 ("Section 521(i)(3) (to which § 521(i)(1), through apparent drafting error, is not expressly made subject, but to which § 521(i)(1) plainly is subject) …").

    C.    <u>The Drafting Problem in This Case</u>.

This case illustrates yet another drafting ambiguity created by BAPCPA's additions to § 521. The Dismissal Order was entered because Debtor did not file a CMI Statement. The assumption underlying the dismissal was that § 521(a)(1) requires Chapter 13 debtors to file the statement.

The assumption should be examined. Only two provisions in § 521(a)(1) could be interpreted to require a CMI Statement. The first, § 521(a)(1)(B)(ii), requires "a schedule of current income and current expenditures." This subsection has been part of the Bankruptcy Code since 1978, and has always been understood to require the information on Schedules I and J. *See, e.g., In re Kavanaugh*, 2006 WL 6589901, at *1 (Bankr. N.D. Ga. 2006); *In re Cummisky*, 2008 WL 6045992, at *1 (Bankr. E.D.N.C. 2008); *In re Kuhns*, 2011 WL 4713225, at *2 (Bankr. N.D. Ohio 2011). No reported decision has construed the provision to require a CMI Statement.

The other subsection, § 521(a)(1)(B)(v), was added in 2005 as part of BAPCPA. It requires "a statement of the amount of monthly net income, itemized to show how the amount is calculated." Some courts have held that this subsection requires a CMI Statement. *See, e.g., In re*

*Turner,* 384 B.R. 852, 856 (Bankr. D. Colo. 2008); *In re Meek,* 370 B.R. 294, 295 n.3 (Bankr. D. Idaho 2007); *In re Copeland*, 2006 WL 2578877, at *2 (Bankr. S.D. Tex. 2006). This Court disagrees, for a number of reasons.

First, "monthly net income" is not "current monthly income." The latter phrase is used a number of times in the Code. *See, e.g.,* §§ 101(10A); 527(a)(2)(C); 704(b)(2); 707(b)(2)(A); 1322(d)(1); and 1325(b)(2). All of these provisions were added by BAPCPA, so it seems reasonable to conclude that Congress would have used the same phrase in § 521(a)(1)(B)(v) had it intended to refer to current monthly income. It did not. Instead, it used "monthly net income," which it not defined and appears nowhere else in the Code.

Second, not all debtors must calculate their current monthly income. In particular, the "abuse" provisions of § 707(b) do not apply to Chapter 7 debtors whose debts are primarily business debts, so there is no need to calculate their "current monthly income." *See In re Moates*, 338 B.R. 716 (Bankr. N.D. Tex. 2006) (there is no "means test" for Chapter 7 debtors with primarily business debts, so the § 521(a)(1)(B)(v) requirement is fulfilled by Schedules I and J); *In re Beacher*, 358 B.R. 917 (Bankr. S.D. Tex. 2007) (in Chapter 7 cases with primarily business debts, schedules I and J satisfy the requirements of § 521(a)(1)(B)(v)); *In re Giacoma*, 2007 WL 2916297 (Bankr. D. Utah 2007) (citing and adopting *Beacher*). Construing § 521(a)(1)(B)(v) to require CMI Statements from such debtors would impose an unnecessary burden or expose them to auto-dismissal. *See Beacher*, 358 B.R. at 921 (completing the CMI Statement takes substantial

-7-

time and expense; asking these debtors to do so would violate the legal maxim that "the law requires no one to do vain or useless things").[10]

Third, after BAPCPA was enacted the official forms of Schedules I and J were updated to include the information required by §§ 521(a)(1)(B)(v) and 521(a)(1)(B)(vi).[11]  This shows that these BAPCPA provisions do not simply duplicate 521(a)(1)(B)(ii), and also that the required information is to be provided in documents other than the CMI Statement.

Fourth, Official Form 122C-1 asks for much more information than "monthly net income." "Monthly net income" in revised Schedule J is simply total income from Schedule I, less total expenses from Schedule J.  The CMI Statement, on the other hand, requires disclosure and/or calculation of "average monthly income," "median family income," "current monthly income," deductions from income, total deductions from income, average monthly payments, and whether the debtor has above-median or below-median income.  Much of the information in a CMI Statement is not required by § 521(a)(1)(B)(v).

---

[10] One commentator stated:
> [T]he phrase "monthly net income," which is not defined or used elsewhere in the Code, presumably means something other than "current monthly income," which is defined in section 101 and calculated for most individual debtors, on Official Form 22A, 22B, or 22C. . . . [T]his interpretation takes into account the fact that all debtors must file a statement of monthly net income, but calculation of current monthly income is not required for all debtors.

4 Collier on Bankruptcy ¶ 521.12 (16th ed.) (citations omitted).

[11] Schedule I was amended to include line 13, anticipated changes to income.  Schedule J was amended to include anticipated changes to expenses, line 24, and the calculation of monthly net income, line 23.

While it is difficult to read § 521(a)(1)(B)(v) as requiring a CMI Statement, Bankruptcy Rule 1007(b)(6) is clear as a bell:

> A debtor in a chapter 13 case shall file a statement of current monthly income, prepared as prescribed by the appropriate Official Form, and, if the current monthly income exceeds the median family income for the applicable state and household size, a calculation of disposable income made in accordance with § 1325(b)(3), prepared as prescribed by the appropriate Official Form.

This rule was adopted in 2008 to implement BAPCPA. The Advisory Committee Notes state:

> Subsection (b)(6) addresses the filing of information about current monthly income, as defined in § 101, for chapter 13 debtors and, if required, additional calculations of expenses. These changes are necessary because the 2005 amendments to § 1325 require that the determination of disposable income begin with current monthly income.

Bankruptcy Rule 1007(b)(6) implements those portions of Chapter 13 (all added by BAPCPA) that require calculation of current monthly income, such as §§ 1322(d), 1325(b)(2), 1325(b)(3), and 1325(b)(4).[12]

---

[12] The court in *In re Turner* opined that if § 521(a)(1)(B)(v) does not require a CMI Statement in chapter 13 cases, there would be no statutory requirement at all. 384 B.R. at 856. The Court disagrees. As noted, Bankruptcy Rule 1007(b)(6) implements portions of §§ 1322 and 1325, sections that implicitly require a CMI Statement. The Bankruptcy Rules are promulgated by the Supreme Court pursuant to 28 U.S.C. § 2075; rule violations are cause for dismissal under § 1307(c). *See, e.g., Wildhaber v. Burchard (In re Wildhaber),* 2015 WL 4550128, at *3 (9th Cir. BAP 2015) (violation of Bankruptcy Rules is "cause" for dismissal or conversion); *In re Welling,* 102 B.R. 720, 723 (Bankr. S.D. Iowa 1989) (same). There is ample statutory and Bankruptcy Rule authority to require the CMI Statement in Chapter 13 cases.

The Court concludes that § 521(a)(1) does not require Chapter 13 debtors to file a CMI Statement.[13] Rather, the requirement comes from Bankruptcy Rule 1007(b)(6). Section 521(i)'s "automatically dismissed" mandate does not apply.

D. <u>The Dismissal Order Should be Set Aside</u>.

If the Dismissal Order was entered in error, the Court should set it aside. Bankruptcy Rule 9023 and Rule 59(e) provide:

> (e) Motion to Alter or Amend a Judgment. A motion to alter or amend a judgment must be filed no later than 28 days after entry of the judgment.

Rule 59(e) applies to dismissal orders as well as final judgments. *See, e.g., In re H&H Const. & Inv. Inc.,* 2011 WL 846560, at *1 (Bankr. D.D.C. 2011); *In re Perez*, 2013 WL 3946019, at *1 (Bankr. D.P.R. 2013); *In re Kwiatkowski,* 2005 WL 2860329, at 2 (Bankr. E.D. Pa. 2005). A party seeking to alter or amend a judgment "must either clearly establish a manifest error of law or must present newly discovered evidence." *In re Cook,* 497 B.R. 167, at *3 (10th Cir. BAP 2013) (citing *Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997)).

The current policy of the Court, implemented by the Clerk's Office in 2005, is to "auto-dismiss" Chapter 13 cases if the debtor does not file a CMI Statement within 45 days of the petition date. As shown above, that policy was based on the mistaken belief that § 521(a)(1) requires

---

[13] The result may be different for Chapter 7 debtors with primarily consumer debts. Section 707(b)(2)(C) requires those debtors to "include a statement of . . . current monthly income" as part of "the schedule of current income and expenditures required under section 521 . . . ." The Court need not decide whether this provision, added to § 707(b) in 2005, modifies § 521(a)(1) such that the failure to timely file a CMI Statement would be grounds for automatic dismissal under § 521(i). *See, e.g., In re Giacoma*, 2007 WL 2916297 (Bankr. D. Utah 2007) (dismissing case because Chapter 7 debtor with primarily consumer debts did not timely file a CMI Statement).

-10-

Case 15-13052-t13   Doc 36   Filed 02/19/16   Entered 02/19/16 16:19:31 Page 10 of 11

Chapter 13 debtors to file a CMI Statement. This case should not have been "auto-dismissed," so the Court, pursuant to Rule 59(e), will set aside the Dismissal Order.

IV. CONCLUSION

In this district the Court's procedures include entry of dismissal orders if debtors do not file the information required by § 521(a)(1) within 45 days of the petition date. These procedures are reasonable in general, and comport with Congressional intent. Given the serious nature of "automatic dismissal," however, it should not be done unless the § 521(i) mandate is clear. In this case, automatic dismissal was not required because § 521(a)(1) did not obligate Debtor to file a CMI Statement. The Dismissal Order was entered in error, the mistake will be corrected, and the Court's policies changed accordingly. A separate order will be entered.

_____
Hon. David T. Thuma
United States Bankruptcy Judge

Entered: February 19, 2016.

Copies to:

Jennie D. Behles
P.O. Box 7070
Albuquerque, NM 87194

Kelley Skehen
625 Silver Ave., NW, #350
Albuquerque, NM 87102